### RAY v. WEST, County Surveyor.
### No. 2677.

Court of Civil Appeals of Texas. El Paso.
Sept. 21, 1933.

R. B. Humphrey, of Dallas, for appellant.

W. P. Dumas, L. S. Stemmons, Hugh S. Grady, H. P. Kucera, W. Hughes Knight, and A. J. Thuss, all of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by Ray against the county surveyor of Dallas county under subdivision 2 of article 5323, R. S., to compel a survey of certain land described in the petition and to have said land decreed to be unsurveyed public free school land.

The City and County of Dallas levee improvement district intervened in the suit as an adverse claimant of the land.

The surveyor impleaded the city of Dallas as an adverse claimant of a portion of the land.

The second amended original petition discloses that the land in controversy is a part of the bed and channel of the Trinity river which has been reclaimed by an artificial diversion of the channel and water of said river. Said amended petition was filed April 27, 1931. It is the only pleading of the plaintiff in the record before this court. However, it is otherwise disclosed by the record that the suit was originally filed July 25, 1929, which was prior to the effective date of chapter 22, Acts 41st Leg. (1929), 3rd C. S., p. 526 (Vernon's Ann. Civ. St. art. 5323b).

It is the theory of Ray that the reclaimed bed of the Trinity river, a navigable stream at this point, belongs to the state as public free school land and as such is subject to survey and purchase by him.

The act of the 41st Legislature above mentioned withdraws all river beds from sale until otherwise provided by law, but it further provides that it shall not apply in cases where application of inquiry had been theretofore made and suits thereon were then pending.

The petition discloses that the inquiry to the Land Commissioner was made June 15, 1929, and on July 2, 1929, the application was rejected by the commission. The suit having been originally filed July 25, 1929, it follows that appellant's rights, if any, were not affected by said act of the 41st Legislature, because said act did not become effective until subsequent to said date. See section 1a of the act (Vernon's Ann. Civ. St. art. 5323b, § 1a).

The improvement district and city of Dallas filed what they designate as pleas in abatement. They are but special demurrers, general in their nature, attacking the suffi-

ciency of the petition to state a cause of action.

The pleas were sustained. The plaintiff declining to amend, his suit was dismissed.

■■■ The improvement district and the city of Dallas undertake to uphold the action of the court in sustaining their pleas in abatement and in dismissing the suit upon two theories, viz.:

First. That subdivision 2 of article 5323, R. S., is unconstitutional and void because the Attorney General or the district or county attorneys are the only persons who have the authority or power to represent the state of Texas before the courts where the state's property or rights are involved.

Second. That the state is a necessary and indispensable party to this litigation and its nonjoinder is fatal.

Both of these theories are disposed of by the recent decision in Camp v. Gulf Production Company (Tex. Sup.) 61 S.W.(2d) 773, where the constitutionality of the act in question was sustained, and it was also held that in actions under the act the state is to be regarded as a party to the litigation and bound by the judgment rendered. See, also, Turner v. Smith (Tex. Sup.) 61 S.W.(2d) 792, which cites Camp v. Gulf Production Co., with approval.

It follows from the holding stated that the pleas in abatement were erroneously sustained.

Appellant, in his brief, discusses other questions, but they are not raised by the pleas in abatement and are not properly before us for consideration upon the present record.

Reversed and remanded.